IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH R. MADURA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-1439-HU<br><br>FINDINGS & RECOMMENDATION |

David B. Lowry
9900 SW Greenburg Road
Columbia Business Center, Suite 130
Portland, Oregon 97223

    Attorney for Plaintiff

Dwight C. Holton
ACTING UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

L. Jamala Edwards
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98204-7075

   Attorneys for Defendant

HUBEL, Magistrate Judge:

   Plaintiff Joseph R. Madura brings this action for judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI).

   Defendant moves to dismiss the action based on lack of jurisdiction. I recommend that the motion be granted.

## STANDARDS

   A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

   A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. See Corrie v. Caterpillar, Inc., 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. Robinson v.

2 - FINDINGS & RECOMMENDATION

United States, 586 F.3d 683, 685 (9th Cir. 2009); see also Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

## DISCUSSION

The Social Security Act (SSA) allows for judicial review of "any final decision of the Commissioner" if a civil action in federal district court is "commenced within sixty days after [] mailing . . . notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Following a decision by an Administrative Law Judge (ALJ), and an appeal to the Appeals Council, SSA regulations provide that if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if the Council denies the request for review, the ALJ's opinion becomes the final decision. See 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 416.1400(a)(4)-(5), 416.1455, 416.1481, 422.210(a).

Absent a reasonable showing to the contrary, the Commissioner presumes that a claimant receives notice of his final decision five days after the date of the Appeals Council's denial of review of the ALJ's decision. 20 C.F.R. § 422.210(c). Thus, to be timely, a civil action seeking judicial review of the final agency decision must be filed within sixty-five days of the date of the Appeals Council's decision. However, while a claimant is expected to seek judicial review within the specified time, the Commissioner will extend the allowable time period upon a showing of good cause. 20

3 - FINDINGS & RECOMMENDATION

C.F.R. §§ 404.911, 404.982, 416.1411, 416.1482.

In the instant case, an ALJ issued a written decision in plaintiff's case on April 15, 2009. Declaration of Joan Devera at ¶ (3)(a); Exh. 1 to Devera Declr. Plaintiff requested review of this decision. Id. On September 23, 2009, the Appeals Council sent notice of its action, denying plaintiff's request for review, to plaintiff and to his representative. Id.; Exh. 2 to Devera Declr. The notice included information pertaining to plaintiff's right to appeal to federal district court. Id.

Plaintiff's Complaint in this Court was filed on December 4, 2009. December 4, 2009, is more than sixty-five days after September 23, 2009. Defendant is unaware of any request by plaintiff for an extension of time to file a civil action. Devera Declr. at ¶ (3)(b). Plaintiff's Complaint is untimely. Additionally, plaintiff offers no argument or evidence to support an equitable adjustment to the time period allowed by statute and regulation. In fact, plaintiff failed to respond to this motion. Thus, this case should be dismissed.

## CONCLUSION

Defendant's motion to dismiss (#10) should be granted.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 14, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

/ / /

/ / /

/ / /

4 - FINDINGS & RECOMMENDATION

If objections are filed, then a response is due July 1, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this  25th  day of  May        , 2010.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

5 - FINDINGS & RECOMMENDATION